August 31, 2006

Transmitted via EFILE
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      **Re:**    **United States of America vs. Tarik Shah, Rafiq Sabir, Mahmud Al Mutazzim, and Abdulrahman Farhane**

Dear Hon. Loretta A. Preska, U.S.D.J.

    Enclosed for filing kindly find Al Mutazzim's Memorandum of Law in Support of an Order granting suppression of his videotaped statements in violation of his Fifth Amendment Rights.

    Thank you for your consideration.

                                                        Very truly yours,

                                                        Hassen Ibn Abdellah

CC:    Jennifer Rodgers Esq.
         Assistant United States Attorneys
         United States Attorney's Office
         Southern District of New York
         Silvio Mollo Building
         One Saint Andrews Plaza
         New York, New York 10007

         Joshua Dratel, Esq.
         Attorney for Tarik Shah
         14 Wall Street—28th Floor
         New York, New York 10005
         212-732-0707

         Edward D. Wilford, Esq.
         Natali Todd, Esq.
         Attorneys for Rafiq Sabir
         20 Vesey Street Suite 400
         New York, New York 10007
         212-528-2741

         Michael Heuston, Esq.
         Attorney for Abdulrahman Farhane

350 Fifth Avenue Suite 6110
New York, New York 10108
212-643-2900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

V.                                                                                    S2 05 Cr. 673 (LAP)

TARIK SHAH, et. al. including
RAFIQ SABIR, **MAHMUD AL MUTAZZIM**,
AND ABDULRAHMAN FARHANE,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF SUPPRESSING THE VIDEOTAPED STATEMENTS OF MAHMUD AL MUTAZZIM IN VIOLATION OF HIS FIFTH AMENDMENT RIGHTS AS SET FORTH IN *MIRANDA v. ARIZONA*, 384 U.S. 436 (1966).**

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted in support of the Notice of Motion of Mahmud Al Mutazzim submitted previously. This Memorandum of Law specifically addresses Al Mutazzim's request for an Order granting suppression of his videotaped statements in violation of his Fifth Amendment Rights and *Miranda v. Arizona,* 384 U.S. 436 (1966).

**STATEMENT OF FACTS**

Defendant Tarik Shah and Defendant Rafiq Sabir were arrested and charged together in the same counts of the Indictment with conspiring to provide material support and resources, and knowingly providing and/or attempting to provide material support and resources to al Qaeda in violation of Title 18, U.S.C. § 2339A and B as set forth in Indictment S1 05 Cr. 673 (LAP). Defendant Al Mutazzim was also charged in the same indictment with conspiring to provide material support and resources and knowingly

attempting to provide and/or provide material support and resources to a terrorist organization known as "Lashkar-e-Taiba" in violation of Title 18, U.S.C. §2339A and B as set forth in same indictment S1 05 Cr. 673 (LAP).

The facts as represented to me at this time are as follows.  As evidenced by the Complaint authored by Robert Fuller, Defendant Shah was trained as a martial arts specialist and was eager to find other "brothers" to train in the ways of Jihad.  Defendant Shah represented to Robert Fuller that he had trained many "brothers" in martial arts and those "brothers" would go overseas to fight in the name of Jihad.  Defendant Shah mentioned the names of several students whom he had instructed, one of which was Mahmud Al Mutazzim.

Defendant Shah told an undercover FBI agent that he would call Al Mutazzim to help him prepare a martial arts video that was requested by the undercover agent.  Defendant Shah assured the undercover FBI agent that Al Mutazzim was a trustworthy individual because he had been a longtime student of Shah's and had lived with Shah in Beacon, New York, during the summer of 2001 when Shah was training Al Mutazzim in the martial arts.

Shortly after Defendant Shah's arrest for the charges set forth in the indictment, Defendant Shah agreed to cooperate with authorities and acting on their behalf and direction, Defendant Shah set up a meeting with Al Mutazzim in a hotel room in Columbia Maryland.  The FBI secretly monitored this meeting using audio and video surveillance.   At the outset of the meeting, Al Mutazzim was accompanied by several other individuals.  Defendant Shah spoke to the individuals for some time and then

dismissed everyone except Al Mutazzim.  Defendant Shah instructed Al Mutazzim to remain in the room and lock the door.

Thereafter, Defendant Shah questioned Al Mutazzim as to his involvement with terrorist activities.  Defendant Shah questioned Al Mutazzim for the purpose of eliciting incriminating statements from him. Al Mutazzim viewed Defendant Shah as an authoritative figure as he was his mentor and martial arts instructor.   Al Mutazzim provided statements to Defendant Shah while the FBI secretly monitored their conversation.

These statements were a product of a custodial interrogation and the procedural safeguards established in *Miranda* were not used.  Accordingly, the videotaped statements should be suppressed in violation of Al Mutazzim's Fifth Amendment Rigthts.

## LEGAL STANDARD

In *Miranda v. Arizona,* 384 U.S. 436 (1966), the Supreme Court of the United States generally held that the Fifth amendment privilege against being compelled to be a witness against one's self is fully applicable during a period of custodial interrogation. *Id*. at 460-463.  *Miranda* defined a custodial interrogation to be "questioning intiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.* at 444.  Whether statements are a product of a custodial interrogation must be determined by viewing the totality of the circumstances on a case by case basis. *California v. Beheler*, 463 U.S. 1121 (1983).  The initial determination of custody depends on the objective circumstances of the interrogation and not on the subjective views harbored by either the interrogating officers or the persons being questioned. *Stansbury v. California*, 511 U.S. 318 (1994).

The Supreme Court has explained that interrogation is not limited to express questions but also its functional equivalent. *Rhode Island v. Innis*, 446 U.S. 291, 300-301 (1980). This includes "any words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response from the suspect. *Id.* at 301. In making this assessment, the Court must consider the "totality of the circumstances of the agent's conduct." *United States v. Cota*, 953 F.2d 753, 758 (2d Cir. 1992)

The United States Court of Appeals for the Second Circuit has made clear that statements which are obtained in violation of the Fifth Amendment must be a product of a custodial interrogation and must not have been voluntarily provided by the Defendant. See *United States of America v. Mast*, 735 F.2d 745 (2d. Cir. 1984). In *Mast*, the Court explained that the test of voluntariness of a confession is whether an examination of all the circumstances discloses that the conduct of law enforcement officials was such as to overbear the Defendant's will to resist and bring about confessions not freely self-determined. *Id*. at 749. Factors to be considered in making a determination of voluntariness include, but are not limited to, the type and length of questioning, the Defendant's physical and mental capabilities, and the government's method of interrogation. *Id.*

## LEGAL ARGUMENT

I. **TARIK SHAH, ACTING AS AGENT OF THE FBI, INTERROGATED AL MUTAZZIM WHILE AL MUTAZZIM WAS DEPRIVED OF HIS FREEDOM IN A SIGNIFICANT WAY.**

The statements obtained on the videotape must be barred from admission into evidence as the statements were obtained in violation of Al Mutazzim's Fifth Amendment Rights.

It is undisputed that at the time Al Mutazzim was questioned by Defendant Shah in the hotel room, Defendant Shah was cooperating with authorities and acting on their behalf in attempting to elicit incriminating statements from Al Mutazzim. Prior to the interrogation, the FBI had knowledge that Defendant Shah was Al Mutazzim's mentor and martial arts instructor. Moreover, the FBI had knowledge that Al Mutazzim would trust Defendant Shah. Accordingly, the FBI knew Al Mutazzim would view Defendant Shah as an authoritative figure and thereby be more susceptible to providing him with incriminating statements. Hence, it can be logically inferred that the FBI used Defendat Shah as their agent for the sole purpose of having him elicit incriminating statements from Al Mutazzim.

Based on the totality of the circumstances, Defendant Shah's questioning of Al Mutazzim amounted to a custodial interrogation. As indicated, Defendant Shah was acting as an agent of the authorities, on their behalf, for the sole purpose of eliciting incriminating statements from Al Mutazzim for the government's benefit. Defendant Shah created a custodial environment when he instructed the other individuals in the hotel room to leave while instructing Al Mutazzim to remain behind and lock the door. Both Defendant Shah and the FBI knew that Al Mutazzim would comply with those instructions because they knew Al Mutazzim considered Defendant Shah to be an authoritative figure and his superior. Based on nature of their relationship, the circumstances of their meeting, and the overall totality of the objective circumstances, Al

Mutazzim was deprived of his freedom in a significant way by an agent of the FBI as he was not free to leave the hotel room.

In addition, the statements provided by Al Mutazzim which should be suppressed were provided in response to Defendant Shah's questioning and were not voluntary. During their meeting, Defendant Shah conversed with Al Mutazzim in a manner which both Defendant Shah and the FBI knew or should have known would reasonably likely elicit incriminating statements from the suspect Al Mutazzim. In fact, the sole purpose of this meeting was for Defendant Shah to elicit incriminating statements from Al Mutazzim in a coercive manner in an attempt to circumvent the Constitutional safeguards afforded by the Fifth Amendment.

Hence, since neither Defendant Shah nor the FBI employed the procedural safeguards set forth in *Miranda*, Al Mutazzim's statements must be suppressed as said statements were illegally obtained as a product of a custodial interrogation.

>Respectfully submitted,
>
>HASSEN IBN ABDELLAH, Esq.
>
>Attorney for Defendant
>Mahmud Al Mutazzim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

V.                                                                                                S2 05 Cr. 673 (LAP)

TARIK SHAH, et. al. including
RAFIQ SABIR, **MAHMUD AL MUTAZZIM**,                     **PROOF OF SERVICE**
AND ABDULRAHMAN FARHANE,

       Defendants.
-------------------------------------------------------------X

       HASSEN IBN ABDELLAH, Esq., pursuant to Title 28, United States Code, section 1746, hereby declares under the penalties of perjury:

       On September 7, 2006, as authorized by Criminal Local Rule 12.1, the Memorandum of Law in Support of an Order Suppressing the Videotaped Statement in violation of Al Mutazzim's Fifth Amendment Rights in the above captioned case were e-filed with the Clerk of the United States Court for the Southern District of New York;

Dated: September 7, 2006
       Elizabeth, New Jersey

                                                   _____
                                                   Hassen Ibn Abdellah, Esq.
                                                   Attorney for Mahmud Al Mutazzim
                                                   747 Westminister Avenue
                                                   Elizabeth, New Jersey 07208
                                                   908-965-2010