

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

COURT'S EXH. 1
4/2/07

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 28, 2007

Hassen Abdellah, Esq.
747 Westminster Avenue
Elizabeth, New Jersey  07208

> Re:   *United States* v. *Mahmud Faruq Brent, a/k/a Mahmud AlMutazzim,*
>        **S4 05 Cr. 673 (LAP)**

Dear Mr. Abdellah:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Mahmud Faruq Brent, a/k/a Mahmud AlMutazzim ("the defendant") to Count Three of the above-referenced Indictment. Count Three charges the defendant with conspiring to provide material support to the Lashkar-e-Taiba foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B, and carries a maximum sentence of 15 years' imprisonment, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, a $100 special assessment, and a maximum term of supervised release of three years. In addition to the foregoing, the Court must order restitution in accordance with Sections 3663, 3663A and 3664 of Title 18, United States Code.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for the conduct charged in the Indictment. In addition, at the time of sentencing, the Government will move to dismiss any open counts against the defendant. The defendant agrees that with respect to any and all dismissed charges he/she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

02.01.05

Hassen Abdellah, Esq.
March 28, 2007
Page 2

In consideration of the foregoing and pursuant to Sentencing Guidelines Section 6B1.4, the parties hereby stipulate to the following:

**A.     Offense Level**

The 2002 edition of the United States Sentencing Guidelines applies to this offense.

1.     Under § 2M5.3, the applicable base offense level is 26.

2.     Pursuant to § 3A1.4(a), because the offense involved, or was intended to promote, a federal crime of terrorism, 12 levels are added.

3.     Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional 1-level reduction is warranted, pursuant to § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 35.

**B.     Criminal History Category**

Pursuant to § 3A1.4(b), because the offense involved, or was intended to promote, a federal crime of terrorism, the defendant is automatically assigned Criminal History Category VI.

**C.     Sentencing Range**

Based upon the calculations set forth above, the defendant's sentencing Guidelines range is 292 to 365 months' imprisonment. However, because the statutory maximum sentence applicable to the count of conviction is 180 months' imprisonment, pursuant to § 5G1.1(a), the applicable guideline sentence is 180 months' imprisonment (the "Stipulated Guidelines Sentence"). In addition, after determining the defendant's ability to pay, the Court

02.01.05

Hassen Abdellah, Esq.
March 28, 2007
Page 3

may impose a fine pursuant to §5E1.2. At Guidelines level 35, the applicable fine range is $20,000 to $200,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Sentence set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

The parties further agree that the Stipulated Guidelines Sentence would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that the defendant may seek a sentence below the Stipulated Guidelines Sentence, suggest that the Probation Department consider a sentence below the Stipulated Guidelines Sentence, and suggest that the Court *sua sponte* consider a sentence below the Stipulated Guidelines Sentence, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this agreement limits the right of the parties (i) to present to the Probation Department or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within any Sentencing Guidelines range (other than the Stipulated Guidelines Sentence) the Court may determine to apply the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above. Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should the defendant move to withdraw his guilty plea once it is entered, or should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this agreement.

It is understood that pursuant to Sentencing Guidelines § 6B1.4(d), neither the Probation Department nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts.

02.01.05

Hassen Abdellah, Esq.
March 28, 2007
Page 4

In the event that the Probation Department or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence other than the Stipulated Guidelines Sentence, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence at or below the Stipulated Guidelines Sentence set forth above and (ii) that the Government will not appeal any sentence at or above the Stipulated Guidelines Sentence. It is further agreed that a sentence of 180 months' imprisonment is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

By entering this plea of guilty, the defendant also waives any and all right the defendant may have,pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. The defendant fully understands that, as a

02.01.05

Hassen Abdellah, Esq.
March 28, 2007
Page 5

result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

It is further agreed that should the conviction(s) following defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and defendant. No additional understandings, promises,

02.01.05

Hassen Abdellah, Esq.
March 28, 2007
Page 6

or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

          Very truly yours,

          MICHAEL J. GARCIA
          United States Attorney

By: *[signature]*

          JENNIFER G. RODGERS
          KARL METZNER
          VICTOR HOU
          Assistant United States Attorneys
          (212) 637-2513 / -2476 / -2408

APPROVED:

*[signature]*

EDWARD C. O'CALLAGHAN
Chief, Terrorism & National Security Unit

AGREED AND CONSENTED TO:

*[signature]*           4-2-07
Mahmud Faruq Brent       DATE

APPROVED:

*[signature]*           April 2, 2007
Hassen Abdellah          DATE
Attorney for Mahmud Faruq Brent

02.01.05